GREGORIO LUGO, peticionario, *v.* CORTE DE DISTRITO DE MAYA-GÜEZ, HON. F. NAVARRO ORTIZ, JUEZ, demandada.

Núm. 326.—*Sometido:* Julio 10, 1939. *Resuelto:* Julio 21, 1939.

*Federico Tilén* y *J. Alemañy Sosa,* abogados del peticionario; la demandada no compareció.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El 25 de octubre de 1937 se radicó contra el peticionario en la Corte de Distrito de Mayagüez una acusación por el delito de portar armas prohibidas. También se radicó contra él otra acusación por atentado a la vida, estando ambos delitos íntimamente relacionados. Se señaló el juicio en el caso de portar armas para el 31 de marzo de 1938 y ese día el acusado, por su abogado Lic. E. Báez García, solicitó se suspendiera el juicio en el caso de portar armas para celebrarse conjuntamente con el de atentado a la vida. Se allanó el fiscal, accediendo la Corte a lo estipulado entre el fiscal y la defensa.

El 23 de mayo de 1938, a petición del acusado y con el allanamiento del fiscal, la corte inferior ordenó el sobresei-

miento y archivo de la acusación en el caso de atentado a la vida por haber transcurrido más de 120 días desde su radicación sin haberse celebrado juicio. En la misma fecha concedió permiso al fiscal para que radicase una nueva acusación y así se hizo.

Volvió a señalarse el caso de portar armas para el 24 de mayo de 1938 y el día antes la corte, a moción del fiscal y sin intervención del acusado, suspendió el juicio por los fundamentos que aparecen de la minuta de dicho día, que dice así:

"Lunes, 23 de mayo de 1938.

"Comparece el Hon. Fiscal del Distrito E. Díaz Viera, e informa a la Corte que este caso estaba señalado para verse junto con el caso que por 'felony' hay contra este acusado, del cual se ordenó el archivo en el día de hoy, y solicita se suspenda para verse cuando se vea el nuevo caso que contra el mismo acusado ha radicado en este mismo día. La Corte así lo ordena, quedando el caso suspendido para verse en el caso 'felony.' ''

Así las cosas, el 22 de mayo de 1939 el acusado presentó en cada uno de los dos casos referidos una moción solicitando su sobreseimiento y archivo por no haberse celebrado el juicio dentro de los 120 días que prescribe el Código de Enjuiciamiento Criminal. Se allanó el fiscal al sobreseimiento y archivo del caso de atentado a la vida y se opuso al de portar armas, alegando la estipulación del acusado para que este último caso se viera conjuntamente con el de atentado a la vida. La corte ordenó el sobreseimiento y archivo del caso de atentado a la vida y denegó la moción en el de portar armas, radicándose por el fiscal una nueva acusación en el caso de atentado a la vida.

Solicitó el acusado la reconsideración de la orden de la corte inferior denegando el sobreseimiento y archivo del caso de portar armas y no le fué concedida.

Con estos hechos por base, el acusado radicó la petición de este caso solicitando se expida un auto perentorio de *mandamus* dirigido al Hon. F. Navarro Ortiz, juez de la corte

inferior, ordenándole que sobresea y archive el caso número 10,226 que contra el peticionario se sigue en la Corte de Distrito de Mayagüez por un delito de portar armas prohibidas.

El juez recurrido no ha comparecido en forma alguna.

 A nuestro juicio la solicitud no justifica la expedición del auto de *mandamus* que interesa el peticionario. Estipularon el acusado y el fiscal que el caso de portar armas se celebrase conjuntamente con el de atentado a la vida, y basada en esta estipulación la corte suspendió el juicio del caso por portar armas que se había señalado por primera vez para el 31 de marzo del año pasado.

Hasta la fecha en que se radicó en este tribunal la petición de *mandamus,* no se había celebrado el juicio en el caso de atentado a la vida. Por consiguiente, el fiscal tiene derecho a descansar en la estipulación. Es verdad que la acusación por atentado a la vida se sobreseyó dos veces, pero también es cierto que inmediatamente después fué radicada de nuevo, y de la petición no consta que la última que se radicó haya sido sobreseída. Las acusaciones formuladas después de la primera son acusaciones distintas, pero el delito es el mismo: el de atentado a la vida. Si el acusado después de sobreseída y archivada la primera acusación deseaba tener un juicio rápido y prescindir de la estipulación, debió gestionar que se señalase de nuevo el juicio de portar armas, pero no lo hizo así.

Véase por analogía la opinión emitida por este tribunal el 19 del actual en los casos de *mandamus* números 327, 328 y 329, seguidos por César Garcés contra la Corte de Distrito de Arecibo, Hon. Luis Mercader, Juez sustituto (ante, pág. 336).

*No apareciendo que el peticionario tenga un derecho claro al remedio extraordinario que solicita, procede denegar la petición de mandamus y anular el auto condicional expedido.*

El Juez Asociado Sr. Travieso no intervino.