El Pueblo de Puerto Rico, demandante y apelado, *v.* Evaristo Velázquez Muñiz, acusado y apelante.

Núm. 11329.—*Sometido:* Marzo 13, 1946. *Resuelto:* Abril 25, 1946.

*García Méndez & García Méndez,* abogados del apelante; *Hon. Procurador General E. Campos del Toro, Luis Negrón Fernández, Primer Procurador General Auxiliar* y *J. Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El día 28 de enero de 1941, se radicaron en la Corte de Distrito de Aguadilla dos acusaciones contra el apelante en este caso. Una, por el delito de ataque para cometer asesinato, y la otra, por el delito de portar armas prohibidas. Se dió lectura a ambas acusaciones en 17 de febrero de 1941, haciendo el acusado alegación de no culpable en cuanto a la primera, y en cuanto a la segunda, solicitó y la corte concedió, un plazo para contestarla, lo que hizo en 22 de mayo del mismo año, alegando ser inocente, y pidió que ambas causas se vieran conjuntamente. La corte accedió a esta última petición.

En 3 de octubre de 1943, el acusado compareció ante la corte inferior solicitando mediante moción el archivo y sobreseimiento de ambas causas por haber transcurrido más de 120 días desde su radicación sin haberse celebrado juicio. Oídas las partes, la corte ordenó el archivo y sobreseimiento del caso de ataque para cometer asesinato, pero no así en cuanto a la acusación por portar armas, que dejó en pie por entender la corte que la dilación en la celebración del juicio se debía a que el acusado había solicitado que se viera conjuntamente con el caso principal o sea el "felony". En la misma fecha el fiscal presentó nueva acusación en el caso de ataque para cometer asesinato.

En 18 de julio de 1945, la corte inferior, a nueva petición del acusado, ordenó el archivo y sobreseimiento del caso de ataque para cometer asesinato. Esta vez el fiscal no pudo reproducir la acusación por estar prescrito el delito, ya que

habían transcurrido más de 3 años a contar desde la fecha de su comisión. Así las cosas, la corte inferior, citó al acusado para que compareciera el día 26 de septiembre de 1945 para el juicio del caso de portar armas.

El acusado, quien en ningún momento había solicitado suspensión alguna de la vista del caso, presentó el día 25 de septiembre de 1945 una moción solicitando el archivo y sobreseimiento del mismo por no haberse celebrado el juicio dentro de los 120 días que prescribe el inciso 2 del artículo 448 del Código de Enjuiciamiento Criminal. El día señalado para el juicio, la corte declaró sin lugar la moción de archivo y sobreseimiento por los fundamentos del caso de *Lugo* v. *Corte,* 55 D.P.R. 373, y procedió a la vista del caso en su fondo, declarando culpable al acusado del delito de portar armas e imponiéndole un mes de cárcel.

El acusado interpuso el presente recurso, señalando la comisión de dos errores, de los cuales consideraremos solamente el primero por ser éste suficiente para justificar la revocación de la sentencia.

Alega el acusado que la corte inferior erró al declarar sin lugar la moción de archivo y sobreseimiento porque su petición de que el caso de portar armas se señalara conjuntamente para juicio con el principal, o sea, el de ataque para cometer asesinato, no conllevaba expresa o implícitamente la renuncia de su derecho a un juicio rápido, ni a ningún término de prescripción que pudiera favorecerle en ambos casos. No aparece de los autos de este caso moción de suspensión alguna interpuesta por el acusado, ni justificación para la demora en la celebración del juicio, el cual fué señalado por primera vez para su vista el 26 de septiembre de 1945, o sea, alrededor de 5 años después de presentada la acusación. Tiene razón el apelante. En el caso de *mandamus* de *Pedro Berríos Cruz* v. *Corte de Distrito de Caguas,* resuelto en 14 de noviembre de 1945, el Juez Asociado Sr. de Jesús, actuando en funciones de turno, ordenó el archivo y sobreseimiento del caso, diciendo:

"'El hecho de que al leerse la acusación el acusado pidiera que el caso de portar armas se viese conjuntamente con el de atentado a la vida, no implica que él renunciara al derecho a un juicio rápido en ambos casos. El tenía derecho a esperar que el juicio por atentado a la vida se celebrase dentro del término prescrito por el artículo 448 del Código de Enjuiciamiento Criminal.''

No es de aplicación al presente caso el de *Lugo* v. *Corte*, 55 D.P.R. 373, invocado por el fiscal, ya que las circunstancias que mediaron en uno y otro caso son diferentes. En el caso de *Lugo* hubo renuncia implícita al derecho de juicio rápido. Al acusado se le ofreció un juicio rápido señalando la vista del caso para una fecha dentro del término de 120 días, pero él renunció a ese derecho cuando solicitó se suspendiera el juicio en el caso de portar armas para celebrarse conjuntamente con el de atentado a la vida. En el caso de autos no hubo tal renuncia.

*Por los fundamentos antes expuestos, se revoca la sentencia recurrida y se absuelve libremente al acusado.*